EASTIN
vs.
DUGAT.

*Where the debt claimed by the plaintiff, and the damages sought for in the answer of the defendant arise from one and the same transaction, the latter claim is a fair and legal demand, which may be pleaded in reconvention.*

---

EASTIN vs. DUGAT.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

A purchaser of a judgment against himself, at a sacrifice, or for a sum below its nominal amount, by misrepresenting it as of no value to the appraisers, even when such purchase is made through the means of an agent, he will not be suffered to derive any advantage from it.

A purchaser should not profit by his own wrong, or derive any advantage from a sacrifice which he sought to inflict on his adversary.

But a purchaser, even in his own wrong, is, in equity, entitled to be allowed credit for the sum he actually pays; although the sale and purchase are annulled as to him.

This is an injunction suit. See 4 *Louisiana Reports*, 397. On the return of the case to the District Court, the defendant in injunction filed an answer to the merits. He expressly avers, that he had obtained a judgment against the present plaintiff, Herbert Eastin, for three hundred and fifty dollars, being for moneys deposited in Eastin's hands to be applied to the payment of a mortgage on certain lots in the town of Vermillionville, which the latter applied to his own use. This judgment is the one enjoined. He further avers, that Wartelle's judgment is illegal and void, and the proceedings under it illegal, null and void, under which his judgment against Eastin was attempted to be sold and purchased in by Mayfield for the benefit of Eastin. That Mayfield was employed by Eastin to bid for said right or judgment, whilst he (Eastin) was present and representing the claim to be of no value; in consequence of which it was bid off for the sum of sixty-two dollars; that the transfer from Mayfield to Eastin is fictitious, and made for the better concealing of the real character of the transaction, who was in reality the agent and received no consideration for the same. He prays that the plaintiff's demand be rejected; the injunction dissolved with damages; the transfer from Mayfield to Eastin annulled; and that he have judgment *in solido* against the plaintiff and surety in the injunction bond, with ten per cent. per annum interest on the amount of his judgment enjoined, and twenty-five per cent. for the wrongful suing out of the injunction.

From the evidence exhibited, the district judge decreed that the injunction be dissolved, that the defendant in injunction recover from the widow and heirs of H. Eastin and his surety, in *in solido*, ten per cent. on the injunction bond; and also ten per cent. damages on the amount of the judgment enjoined, with costs. The plaintiff appealed.

*C. Voorhies*, for the plaintiff.

*Garland, contra.*

EASTIN
*vs.*
DUGAT.

*Bullard, J.*, delivered the opinion of the court.

This case was before the court at a former term on an exception, and was remanded for trial upon the merits.    See *4 Louisiana Reports,* 397.

The answer of the defendant contested the validity of the proceeding had in execution of the judgment of Wartelle & Co. against him, which led to the sale of the debt now in controversy, on various grounds.    The opinion we have formed upon another ground of defence set up, renders it unnecessary to examine these alleged informalities in the proceedings.    The defendant alleges that the plaintiff interfered in the sale and proceedings which preceded it, and represented the claim of Dugat against him as of no value, and denied its justice, and that in consequence of his conduct no fair appraisement could be or was made; that it was cried off at a price much below its value, and purchased by one Mayfield who was acting for the plaintiff himself.

The facts proved on the trial are, that Eastin stated to the appraisers that he owed Dugat nothing, and that the claim which was for three hundred and fifty dollars was appraised at one dollar.    After the sheriff's sale judgment was rendered against him for that amount, and he then acknowledged that he did owe the money.    Eastin furnished Mayfield the money to pay for the claim, and it was sold for sixty-two dollars, and soon after transferred by Mayfield to Eastin.    At the sale he took aside a bidder and upbraided him for bidding for the claim contrary to his interest.

Eastin certainly knew whether he was indebted to the defendant or not, and we are warranted in concluding, from his subsequent acknowledgment, that the amount was justly due; and from his conduct at the sale, that he wilfully misrepresented the state of the case to the appraisers, with a view to gain an unfair advantage of the defendant.    We are of opinion that he ought not to profit by his own wrong, nor derive any advantage from a sacrifice, which he sought to inflict on his adversary.    *Ex turpi causâ non oritur actio.*

*A purchaser of a judgment against himself, at a sacrifice, or for a sum below its nominal amount, by misrepresenting it as of no value to the appraisers, even when such purchase is made through the means of an agent, he will not be suffered to derive any advantage from it.*

*A purchaser should not profit by his own wrong, or derive any advantage from a sacrifice, which he sought to inflict on his adversary.*

But in equity the plaintiff is entitled to a credit on the judgment for sixty-two dollars, which was paid by him in discharge of the judgment against Dugat. As this was not demanded in the court below we cannot reverse the judgment on that account, but by consent of parties amend it in that particular.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs, but that the sum of sixty-two dollars be credited on the judgment of Dugat *vs.* Eastin, as paid on the 23d of November, 1830.

<div style="margin-left:auto">

WESTERN DIST.
*September*, 1836.

